UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ARICK HOUNSHEL,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )          Case No. 4:23-cv-00122-TWP-KMB
                                         )
OFFICER FAHEEM BADE in his official and  )
individual capacity,                     )
CITY OF BEDFORD, INDIANA,                )
BEDFORD CITY POLICE,                     )
                                         )
                    Defendants.          )

## ORDER ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by Defendants Officer Faheem Bade ("Officer Bade"), the City of

Bedford, Indiana (the "City"), and the Bedford Police Department ("Bedford PD") (collectively,

"Defendants") (Filing No. 15).  Plaintiff Arick Hounshel ("Hounshel") initiated this action on July

21, 2023, after he was attacked by Officer Bade's police dog during his arrest.  Hounshel brings

claims under 42 U.S.C. § 1983 ("Section 1983") and several state law claims.  For the following

reasons, the Motion is **granted in part and denied in part**.

## I.       BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a

motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all

inferences in favor of Hounshel as the non-moving party.  *See Bielanski v. Cnty. of Kane*, 550 F.3d

632, 633 (7th Cir. 2008).

On July 22, 2021, Hounshel was driving on U.S. Highway 50 in Lawrence County, Indiana,

outside the City of Bedford, when he rear-ended a vehicle driven by non-party Chad Hardy

("Hardy") (Filing No. 1 at 1).   Following the collision, Hounshel drove up a nearby road, abandoned his vehicle, and left the area on foot.  Hardy called 911, and the 911 dispatcher sent out a call to Lawrence County Sheriff's Office.  Sergeant Brandon Blackwell ("Sergeant Blackwell") and Officer Andrea Barnett ("Officer Barnett") of the Lawrence County Sheriff's Office were the first law enforcement officers on the scene.  *Id*. at 1-2.  Sergeant Blackwell and Officer Barnett arrived at the scene and began their investigation. Sergeant Blackwell noticed several Bedford PD vehicles begin to arrive in the area, so she asked the 911 dispatcher why Bedford PD had sent officers to the area. *Id*. at 2.  The dispatcher did not know why.  *Id.*

Bedford PD Officer Cody Emmons ("Officer Emmons") and Officer Bade, with his police dog Zazu ("Zazu"), arrived at the scene.  Officer Bade directed Zazu to track Hounshel.  A few minutes later, Officers Bade and Emmons found Hounshel lying face down on the ground in a surrender position.  *Id.* at 2, 4.  Even though Hounshel was lying face down "a good distance away" from them, Officer Bade released Zazu.  *Id.* at 2.  Zazu attacked Hounshel, which resulted in severe and permanent injuries to Hounshel's arm, chest, armpit areas, and leg.  *Id*.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A party seeking dismissal under Rule 12(b)(6)'s requirement that the complaint state a claim upon which relief can be granted bears a heavy burden.  In making this determination, the court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff.  *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).  The plaintiff "receives the benefit of imagination" at this stage "[as] long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).  Thus, a

complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). "To withstand a Rule 12(b)(6) challenge . . . 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010)) (emphasis in original).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendants seek dismissal of this entire action. They argue Hounshel's Section 1983 claim against all Defendants should be dismissed, and the Court should relinquish supplemental jurisdiction over the remaining state law claims.[1]  Defendants specifically argue that Bedford PD is not a suable entity, the Complaint fails to plead a Section 1983 claim against the City with sufficient specificity and does not allege a Section 1983 claim against Officer Bade.  The Court will address each argument in turn.

A.    **Claims Against Bedford PD**

Defendants argue they are entitled to dismissal of all claims against Bedford PD because it is not a suable entity under Indiana law (Filing No. 16 at 2).  Defendants rely on *Martin v. Fort Wayne Police Department*, in which the Northern District of Indiana held that the Fort Wayne Police Department had no legal existence separate and apart from the City of Fort Wayne, Indiana and was therefore not suable under Indiana law.  No. 09-CV-48, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010).  Hounshel responds that *Martin* is distinguishable from this case because *Martin* was decided on summary judgment (Filing No. 22 at 2–3).

Whether Bedford PD may be sued is a question of Indiana law that is appropriate for resolution at the pleadings stage, and the answer to that question is well settled.  The United States Supreme Court has instructed that local government liability under Section 1983 "is dependent on an analysis of state law."  *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997).  Under Indiana law, a "[m]unicipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued."  Ind. Code § 36-1-2-10.  A "'[u]nit' means county, municipality, or township," Ind. Code § 36-1-2-23, and a "[m]unicipality" is a "city or town," Ind. Code § 36-1-2-11.  The Seventh Circuit Court of Appeals has recognized that Indiana's "statutory scheme does not grant

---

[1] Defendants' Motion to Dismiss does not address the merits of Hounshel's state law claims.

municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *McMillian*, 520 U.S. at 786).

This Court has consistently dismissed claims against Indiana municipal police departments at the pleadings stage because municipal police departments are not suable under Indiana law. *E.g.*, *Ware v. City of Indianapolis*, No. 21-cv-2244, 2021 WL 4895320, at *2–3 (S.D. Ind. Oct. 20, 2021) (granting motion to dismiss claims against Indianapolis Metropolitan Police Department because "[t]he law is clear that the IMPD is not a suable entity"); *Davis v. Reid Hosp. (Heath)*, No. 20-cv-523, 2021 WL 1316017, at *2 (S.D. Ind. Apr. 8, 2021) (granting motion to dismiss claims against Richmond Police Department "because it is not a suable entity"); *cf. Eve v. Burton*, No. 21-cv-1721, 2023 WL 8543747, at *7 (S.D. Ind. Dec. 11, 2023) (concluding that Westfield Police Department is not suable under Indiana law); *Young v. Indianapolis Metro. Police Dep't*, No. 22-cv-301, 2023 WL 3848377, at *3 (S.D. Ind. June 6, 2023); *Davis v. New Albany, Ind. Police Dep't*, No. 19-cv-78, 2020 WL 5500275, at *3 (S.D. Ind. Sept. 11, 2020) ("A city police department is not a properly suable entity because Indiana law does not provide for municipal police departments to sue or to be sued."); *Wilson v. Bedford Police Dep't*, 226 N.E.3d 250 (Table), 2023 WL 8827744, at *3 n.3 (Ind. Ct. App. Dec. 21, 2023) (noting that "[t]he trial court agreed that BPD was not the proper defendant but determined that amendment of the complaint to name the proper party—the City of Bedford—would have been futile.").

As a matter of Indiana law, the Bedford PD is not a suable entity. Hounshel's claims against Bedford PD are therefore **dismissed**.

### B.     Section 1983 Claim Against the City

Defendants next argue that Hounshel has failed to allege a Section 1983 claim against the City with sufficient specificity. It is well established that there is no *respondeat superior* liability under Section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To allege a *Monell*

claim, a plaintiff must plead not only that his rights were violated but also that the municipal defendant was the "moving force" behind his constitutional injury. *Id.* at 691–95. The "moving force" requirement is shown through (1) the existence of an express municipal policy that caused the alleged constitutional violation, (2) the person who committed the constitutional violation was a public official with final policymaking authority, or (3) the existence of a pattern, practice, or custom that was so widespread or persistent that it rises to the level of a municipal policy. *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). A plaintiff pursuing a claim of municipal liability for a widespread practice must allege more than his own constitutional injury; "a series of violations must be presented to lay the premise for a widespread practice claim under *Monell*." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (internal quotation marks omitted).

Defendants submit that Hounshel's Complaint does not identify a specific policy or practice that allegedly caused his injuries. Hounshel responds that *Monell* claims are not held to a heightened pleading standard, and that his Complaint satisfies Rule 8's pleading requirement (Filing No. 22 at 4–5). The Complaint alleges that the City violated Hounshel's constitutional rights by: (1) "failing to properly train the individual defendant police officers herein"; and (2) "enforcing and/or failing to enforce municipal policies and/or customs in regard to the proper handling of police dogs and the proper safety precautions that should be implemented while using a police dog among civilians" (Filing No. 1 at 10). The Court is not persuaded. As filed, the Complaint does not sufficiently allege a *Monell* claim on either of these bases.

### 1.  **Failure to Train**

In *City of Canton v. Harris*, 489 U.S. 378 (1989), the United States Supreme Court held that training programs, or lack thereof, may give rise to Section 1983 liability. *See Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599 (7th Cir. 2019) (recognizing that failure-to-supervise claims fall within the scope of *Monell* and *Canton* liability). Failure-to-train claims are subject to

"rigorous standards of culpability and causation," *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997), and are "appropriate only when inadequate training 'amounts to deliberate indifference to the rights of persons with whom [municipal employees] come into contact.'" *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021) (quoting *Canton*, 489 U.S. at 388).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Brown*, 520 U.S. at 409).  Deliberate indifference can also be established based on a single incident that was a "highly predictable consequence" of a failure to provide specific training.  *Id.* at 63–64 (quoting *Brown*, 520 U.S. at 409) (citing *Canton*, 489 U.S. at 390 n.10); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 929 (7th Cir. 2004) (quoting *Brown*, 520 U.S. at 409).

The Supreme Court also held in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* that federal courts must not apply a "'heightened pleading standard'—more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure—in civil rights cases alleging municipal liability under . . . § 1983."  507 U.S. 163, 164 (1993).  "The *Leatherman* holding has survived the Court's later civil pleading decisions in *Iqbal* and *Twombly*, which require the pleader to allege a 'plausible' claim."  *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016).  Plaintiffs do "not have to plead evidence, and "a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing."  *McCormick v. City of Chicago*, 230 F.3d 319, 324–25 (7th Cir. 2000).

Even keeping this lenient standard in mind, though, Hounshel has not sufficiently alleged a *Monell* claim for failure to train.  Hounshel alleges only that the City acted with deliberate indifference in failing to "properly train the individual defendant police officers herein" (Filing

No. 1 at 10).  This general allegation is insufficient because it does not identify any type of training that Bedford PD officers did not receive, does not allege a pattern of similar constitutional violations, and does not explain how any training, or lack thereof, amounted to deliberate indifference to Hounshel's constitutional rights.  *See Land v. Wayne Cnty. Sheriff's Dep't*, No. 09-cv-365, 2010 WL 2195454, at *2 (S.D. Ind. May 27, 2010) (dismissing claim failing to specify type of training defendants allegedly failed to receive); *Hutchens v. Harrison*, No. 08 C 5366, 2009 WL 1139121, at *6 (N.D. Ill. Ap. 28, 2009) (dismissing claim failing to specify type of training defendants allegedly failed to receive); *Martin v. Luckett*, No. 07-cv-2800, 2009 WL 3678939, at *3 (N.D. Ill. Nov. 3, 2009) (dismissing claim where plaintiff alleged county's failure to train on use of force but also deputies' failure to follow county's policies on use of force); *Khan v. Martinez*, No. 17-CV-354, 2017 WL 5989013, at *2, 5 (N.D. Ind. Dec. 1, 2017) (dismissing claim alleging failure to train on importance of making regular welfare checks because "there is no allegation that the training, or lack thereof, amounted to deliberate indifference").

The Complaint, as alleged, does not adequately plead a plausible claim for relief based on the City's alleged failure to train Bedford PD officers.

### 2.   Policies or Customs Related to Police Dog Handling

Hounshel's allegation about policies and/or customs related to police dog handling is similarly insufficient to allege *Monell* liability.  Hounshel alleges he was deprived of his constitutional rights due to the City's enforcement or non-enforcement of "policies and/or customs in regard to the proper handling of police dogs and the proper safety precautions that should be implemented while using a police dog among civilians" (Filing No. 1 at 10).  But the Complaint does not identify any specific policies or customs that the City did or did not enforce.  Seventh Circuit courts have repeatedly dismissed *Monell* claims based on similar nonspecific allegations. *See Mortensen v. Arrowood*, No. 23-cv-6150, 2024 WL 98422, at *2 (N.D. Ill. Jan. 9, 2024)

(dismissing *Monell* claim alleging plaintiff's injuries were caused by practices, policies, and/or customs of "using a K9 partner against suspects . . . when not justified to do so" and "failing to adequately train, supervise and discipline sheriff's deputies as to when it was justified to use a K9 partner to attack suspects"); *Dixon v. Buncich*, No. 15-CV-458, 2016 WL 2643454, at *4 (N.D. Ind. May 9, 2016) (dismissing *Monell* claim alleging that Sheriff should have, but did not, implement "appropriate policies, procedures, customs and practices" regarding the use of police dogs, and that use of police dog against the plaintiff "reflected minimal or sub-standard training").

Hounshel must identify some specific policy, practice, or custom that allegedly caused his injuries to adequately notify the City of the *Monell* claim against it.  General references to policies and/or customs related to police dog handling are not sufficient.  *Compare Becker v. City of Evansville*, No. 12-cv-182, 2014 WL 1631828, at *6 (S.D. Ind. Apr. 22, 2014) (dismissing original complaint's *Monell* claim without prejudice because complaint "[did] not tell what policy, practice, or custom [was] in question" and only "generally allege[d] that the City caused [plaintiff's] injuries by failing to adequately train its officers in using appropriate force or using canines to execute arrests"), *with Becker v. City of Evansville*, No. 12-cv-182, 2014 WL 12754938, at *6 (S.D. Ind. July 11, 2014) (denying Rule 12(c) motion to dismiss *Monell* claim where amended complaint "articulate[d] two specific flaws in the [Evansville Police Department's] canine policy: It authorizes officers to unleash from their control and sight dogs trained to attack the first person they encounter, and it authorizes such attacks on suspects who are not resisting, fleeing, or otherwise endangering an officer or the public"); *see also Contra Mancini v. City of Indianapolis*, No. 16-cv-2048, 2017 WL 4250112, at *6 (S.D. Ind. Sept. 26, 2017) (denying motion to dismiss *Monell* claim alleging that "the City's policy regarding the use of and failure to train IMPD canines and their handlers has subjected other individuals in addition to [the plaintiff] to excessive use of

force . . . [and] that IMPD's practice or policy of using the canine officers in pursuit of minor felons is excessive deadly force that is unconstitutional").

Because Hounshel's Complaint does not adequately allege a *Monell* claim for the City's failure to train or its policies and/or customs regarding police dog handling, Hounshel's Section 1983 claim against the City must be **dismissed**.

**C.      Section 1983 Claim Against Officer Bade**

Defendants further argue that the Complaint does not allege a Section 1983 claim against Officer Bade because it does not expressly request relief from Officer Bade in Count VI[2] of the Complaint ([Filing No. 16 at 4](); [Filing No. 23 at 3]()).  And because Hounshel does not allege a viable Section 1983 claim against Bedford PD or the City, the Court should relinquish jurisdiction over Hounshel's remaining state law claims ([Filing No. 16 at 7]()–9; [Filing No. 23 at 5]()–6).  Hounshel responds that Defendants misread the Complaint, which does allege a Section 1983 claim against Officer Bade ([Filing No. 22 at 3]()).

Hounshel could have more clearly named Officer Bade as a defendant in Count VI.  But in determining whether a complaint adequately pleads a claim for relief, the Court must look at the complaint's factual allegations, not labels or legal theories. "Federal Rule 8's notice pleading requirements demand that a complaint contain sufficient *factual* detail (which is not in dispute here) and do not require a complaint to include legal theories or point to specific statutory provisions." *Jackson v. Sec'y of Ind. Family & Soc. Servs. Admin.*, 279 F. Supp. 3d 816, 818 (S.D. Ind. 2016) (emphasis in original); *see Whitaker v. Milwaukee Cnty., Wis.*, 772 F.3d 802, 808 (7th Cir. 2014) ("[I]t is factual allegations, not legal theories, that must be pleaded in a complaint."). "[T]he Supreme Court has confirmed explicitly this principle." *Whitaker*, 772 F.3d at 808 (citing

---

[2] The parties agree that Count VI is the only count that refers to Section 1983 liability ([Filing No. 16 at 1]()–2; [Filing No. 22 at 2]()).

*Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).  The Complaint's factual allegations adequately plead a Section 1983 claim against Officer Bade, and Defendants do not argue otherwise.  Defendants' request to dismiss Count VI and relinquish supplemental jurisdiction over Hounshel's state law claims is **denied**.

### III.    <u>CONCLUSION</u>

For the reasons discussed above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss (Filing No. 15).  The Motion to Dismiss is **granted** as to Hounshel's Section 1983 claim against the City, which is **dismissed without prejudice**.[3]  The Motion to Dismiss is also **granted** as to all claims against Bedford PD, which are **dismissed with prejudice** because Bedford PD is not suable under Indiana law and amendment would thus be futile.  *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).  The **Clerk is directed** to terminate the Bedford Police Department as a defendant on the docket.

Defendants' Motion to Dismiss is otherwise **denied**.  Defendants' First Amended Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand in Lieu of Motion to Dismiss (Filing No. 34) is **deemed filed** as of the date of this Entry.

Hounshel is granted leave of **fourteen (14) days** from the date of this Order to file an amended complaint against Officer Bade and the City, if such filing would not be futile.  If nothing is filed by that date, this matter will proceed only as to Hounshel's Section 1983 claim against Officer Bade and Hounshel's state law claims against Officer Bade and the City.

**SO ORDERED**.

---

[3] "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [the] complaint before the entire action is dismissed . . . [unless] amendment would be futile or otherwise unwarranted."  *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519, 520 (7th Cir. 2015).

Date:  5/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Glen Emmett Koch, II
BOREN OLIVER & COFFEY
glenkoch@boclawyers.com

John Scott Callahan
scott@scottcallahanattorney.com

Danny E. Glass
FINE & HATFIELD
deg@fine-hatfield.com

Thomas H. Bryan
FINE & HATFIELD
thb@fine-hatfield.com